UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

IONA LEWIS, individually and
on behalf of all others similarly
situated,

    Plaintiff,

vs.

HOMESPIRE MORTGAGE
CORPORATION, a Maryland
corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, IONA LEWIS, individually and on behalf of all others similarly situated ("Lewis"), by and through undersigned counsel, sues Defendant, HOMESPIRE MORTGAGE CORPORATION, a Maryland corporation ("Homespire"), and for her causes of action, declares and avers as follows:

1. Lewis brings this action to recover from Defendant unpaid wages, including statutory minimum wages and overtime compensation, liquidated damages, costs, and reasonable attorneys' fees, as well as for declaratory and injunctive relief, under the provisions of the FLSA, 29 U.S.C. § 201, *et seq.*, and specifically under 29 U.S.C. § 216(b). Lewis also brings claims for unpaid commissions under Florida common law.

2. Lewis is a United States citizen, a resident of Florida, and otherwise within the jurisdiction of this Court.

3. Homespire is a Maryland corporation, doing business in Florida, and otherwise within the jurisdiction of this Court.

4. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29

U.S.C. § 216(b), and for purposes of the supplemental state law claims, 28 U.S.C. § 1367.

5. Venue is appropriate in the Southern District, pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claim occurred in the Southern District and Defendant resides in the Southern District.

6. Homespire is a residential mortgage lender, doing business nationwide. Homespire formerly employed Lewis as a loan officer. In this role, Lewis worked for Homespire in the Southern District of Florida for approximately nineteen (19) weeks in 2022, from April 10 to August 27. In her loan officer position, Homespire expressly classified Lewis for pay purposes as "hourly, non-exempt."

7. The additional persons who may become plaintiffs in this action, and who Lewis believes is entitled to notification of the pendency of this action, and of their right to opt-in to this action, are current and former hourly paid, non-exempt loan officers of Homespire similarly situated to Lewis in that they performed hours of service for which they were not paid properly under the FLSA.

8. At all times material hereto, Homespire was, and continues to be, engaged in interstate commerce as defined by the FLSA.

9. At all times material hereto, during her employment with Homespire, Lewis was engaged in interstate commerce, as were all others similarly situated.

10. At all times pertinent to this Complaint, Homespire failed to comply with 29 U.S.C. §§ 201-19 in that Lewis and those current and former hourly paid, non-exempt loan officers similarly situated to Lewis, while working for Homespire as such, performed hours of service for Homespire more than forty (40) during one or more workweeks, for which Homespire failed to properly pay overtime premiums.

11. In the course of their employment with Homespire, Lewis, and other current and

former hourly paid, non-exempt loan officers similarly situated to Lewis, worked more than forty (40) hours per week, with Homespire's knowledge (actual and/or constructive), but were not properly paid overtime premiums for those hours. Specifically, Homespire (a) instructed Lewis to record forty (40) hours as her time worked each week, notwithstanding her *actual* hours worked (b) required Lewis to attend open house listings on the weekends, for which time Lewis was not paid at all; and (c) failed to pay Lewis wages at all for 72 hours worked during her final pay period.

12. The pay practices of Homespire, as described in the above paragraphs, violated the FLSA by failing to properly pay overtime premiums and minimum wages to Lewis, and those other current and former hourly paid, non-exempt loan officers similarly situated to Lewis, for those hours worked more than forty (40).

13. During the three (3) years preceding the filing of this lawsuit, Homespire employed, and continues to employ, individuals similarly situated to Lewis (*i.e.* hourly, non-exempt loan officers) throughout the entire United States.

14. During the three (3) years preceding the filing of this lawsuit, Homespire knew or had reason to know Lewis, and those current and former hourly paid, non-exempt loan officers similarly situated to Lewis, worked hours, including in excess of forty (40), during one or more workweeks, for which Homespire failed to properly pay overtime premiums.

15. Each improperly paid hourly, non-exempt loan officer similarly situated to Lewis, who performed and/or continues to perform services for Homespire, during one or more workweeks within the three (3) year period preceding the filing of this lawsuit, is entitled to notification of the pendency of this action and of his/her right to consent to becoming a party to this action.

16. Lewis will seek this Court's permission to provide notice to all current and former other current and former hourly paid, non-exempt loan officers similarly situated to Lewis who

work or worked for Homespire during any payroll period within three (3) years from the date of filing of this lawsuit, in all states throughout the nation in which Homespire does business.

## COUNT I - RECOVERY OF UNPAID OVERTIME

17. Lewis reavers and realleges all allegations contained in paragraphs 1 through 16 above as if fully set forth herein.

18. Lewis is entitled to be paid an overtime premium for each hour worked more than forty (40) per workweek and to have such overtime calculated in accordance with Federal Regulations, to include commission/bonus payments earned in the appropriate workweek in the calculation of the regular rate for the purposes of determining overtime entitlement. All other current and former hourly paid, non-exempt loan officers similarly situated to Lewis are similarly owed overtime premiums, calculated properly, for those overtime hours they worked and for which they were not properly paid.

19. By reason of the willful and unlawful acts of Homespire, Lewis and those similarly situated to her) have suffered damages.

20. As a result of Homespire's violation of the Act, Lewis and those other current and former hourly paid, non-exempt loan officers similarly situated to Lewis are entitled to liquidated damages in an amount equal to that which they are owed as unpaid overtime.

WHEREFORE, Lewis, and those similarly situated to her, who have or will opt-in to this action, demand judgment against Homespire for the overtime wages due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other relief the Court deems just and proper.

## COUNT II - RECOVERY OF MINIMUM WAGES

21. Lewis reavers and realleges all allegations contained in paragraphs 1 through 16 above as if fully set forth herein.

22.     Lewis is entitled to be paid minimum wages for each hour worked.

23.     By reason of the willful and unlawful acts of Defendant, Lewis has suffered damages.

24.     As a result of the Defendant's violation of the Act, Lewis is entitled to liquidated damages in an amount equal to that which she is owed as minimum wages.

WHEREFORE, Lewis demands judgment against Defendant for the minimum wages due her for the hours worked by her for which she has not been properly compensated, liquidated damages, reasonable attorneys' fees, expenses, taxable court costs, and for all other relief the Court deems just and proper.

### COUNT III – UNPAID COMMISSIONS

25.     Lewis reavers and realleges all allegations contained in paragraphs 1 through 16 above as if fully set forth herein.

26.     Prior to her termination, and as confirmed by her paystubs, Lewis earned additional wages, in the form of commissions, for which Homespire failed to pay.

27.     Homespire also failed to pay Lewis a transition bonus due and owing in the approximate amount of $10,000.00, a debt acknowledged as owed as recently as August 24, 2022, in writing, by John Russo, Homespire's Regional Sales Manager.

WHEREFORE, Lewis demands judgment against Defendant for the unpaid commissions due and owing for which she has not been properly paid, along with reasonable attorneys' fees pursuant to § 448.08, Fla. Stat., taxable costs, and for all other relief the Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Respectfully submitted,

PADULA BENNARDO LEVINE LLP

        Attorneys for Plaintiff
        3837 NW Boca Raton Blvd., Suite 200
        Boca Raton, FL  33431
        Telephone:     (561) 544-8900
        Facsimile:      (561) 544-8999


By:     **Daniel R. Levine**
        Daniel R. Levine, Esq.
        Fla. Bar No. 0057861
        E-Mail: drl@pbl-law.com