UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-81684-CIV-COHN/MATTHEWMAN

IONA LEWIS and JACLYN
HEERY, individually and on behalf
of all others similarly situated,

    Plaintiffs,

v.

HOMESPIRE MORTGAGE
CORPORATION,

    Defendant.
_____/

## ORDER DENYING JOINT MOTION FOR FAIRNESS HEARING OR IN CAMERA REVIEW OF FLSA SETTLEMENT AGREEMENT

**THIS CAUSE** is before the Court on the parties' Joint Motion Seeking *In-Camera* Review and Approval of FLSA-Related Portions of Mediated Settlement [DE 53] ("Motion"). The Court has considered the Motion, the record in this case, and is otherwise advised in the premises. In the Motion, the parties request *in camera* review of their FLSA settlement agreement or a fairness hearing regarding same. DE 53 at 9.

Pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982), the Court must scrutinize an FLSA settlement agreement for fairness and reasonableness. Typically, the settlement agreement must be entered into the record, in the interest of legislative intent and public access. See Palacios v. MetroPCS Florida, LLC., No. 13-CV-61159, 2013 WL 12152418, at *1 (S.D. Fla. Aug. 12, 2013) ("Courts regularly reject reviewing FLSA settlements *in camera* because of the public interests implicated by the FLSA."); see also Barbe v. Amsterdam Bar and Restaurant, Inc., 20-

CV-60232, 2020 WL 9848412, at *1 (S.D. Fla. Sept. 17, 2020) (denying a request for a fairness hearing where the FLSA settlement agreement was not filed in the court record). Indeed, "[o]nly truly extraordinary circumstances justify keeping FLSA settlement agreements out of the public record." Palacios, 2013 WL 12152418, at *1.

Here, the parties fail to address why their settlement agreement should not be filed in the record. See DE 53. The parties therefore fail to meet any exception to this requirement. See Palacios, 2013 WL 12152418, at *1. Accordingly, it is

**ORDERED AND ADJUDGED** that the parties' Joint Motion Seeking *In-Camera* Review and Approval of FLSA-Related Portions of Mediated Settlement [DE 53] is **DENIED without prejudice**. The parties shall file a renewed motion seeking approval of their settlement agreement by March 10, 2023.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 6th day of March, 2023.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF